**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **MEGA CREATION, INC. d/b/a LECHAT,** | |
| *Plaintiff,* | **Civil Action No. 4:23-cv-67** |
| v. | **JURY TRIAL DEMANDED** |
| **ODYSSEY NAIL SYSTEMS LLC,** | |
| *Defendant.* | |

## ORIGINAL COMPLAINT

Plaintiff Mega Creation, Inc. d/b/a LeChat ("Plaintiff" or "LeChat") brings this Original Complaint for patent infringement against Odyssey Nail Systems LLC ("Defendant" or "Odyssey"), and alleges as follows:

### THE PARTIES

1.      Mega Creation, Inc. d/b/a LeChat is a California corporation with a principal place of business at 228 Linus Pauling Drive, Hercules, California 94547.

2.      Defendant Odyssey is a Texas limited liability company with a regular and established place of business at 6498 Wilcrest Drive, Houston, Texas 77072. Upon information and belief, Defendant may be served with process via its registered agent: Ruben Flores at 6498 Wilcrest Drive, Houston, Texas 77072.

### JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court may properly exercise personal jurisdiction over Defendant because Defendant is a limited liability company organized under the laws of the State of Texas.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b), as Defendant has committed acts of infringement and has a regular and established place of business in this judicial district.

## LECHAT & THE ASSERTED PATENTS

7.      U.S. Patent Nos. 9,713,371 ("the '371 Patent") and 10,357,094 ("the '094 Patent") (collectively, "Asserted Patents") stem from the innovation of Newton Luu as the named inventor and the president of LeChat.

8.      Generally, the Asserted Patents relate to portable ultraviolet nail lamps for curing certain gel nail polishes.

9.      On July 25, 2017, the '371 Patent was duly issued by the USPTO for an invention entitled "Rechargeable LED Nail Lamp with Light Diffuser." *See* Exhibit A, copy of the '371 Patent.

10.     On July 23, 2019, the '094 Patent was duly issued by the USPTO for an invention entitled "Nail Lamp with Light Emitting Diodes Powered by Power Cord or Rechargeable Battery Pack for Cordless Operation." *See* Exhibit B, copy of the '094 Patent.

11.     The Asserted Patents enjoy an earliest effective filing date of September 5, 2014.

12.     The Asserted Patents are presumed valid and enforceable, pursuant to 35 U.S.C. § 282.

13.     LeChat is the owner by assignment of all rights in the Asserted Patents, including the sole and exclusive right to enforce the Asserted Patents against infringers, and to collect damages for all relevant times.

14.     LeChat is a leader in the professional nail product manufacturing industry since its founding in 1993. Since then, LeChat has produced cutting-edge products, such as the Gelée Powder Gel System, Perfect Match Gel Polish & Nail Lacquer, and Thermal-Activated Mood Changing Polishes. LeChat proudly provides products that salon and spa professionals in over 40 countries truly trust.

15.     Over the past two decades, LeChat has made considerable investments in its product development and intellectual property. As a result, LeChat currently has an expansive patent portfolio, including over thirty U.S. Design and Utility Patents.

16.     LeChat currently manufactures and sells its own portable ultraviolet nail lamps that practice the Asserted Patents.

17.     LeChat is in strict compliance with any applicable marking provisions of 35 U.S.C. § 287 with respect to the Asserted Patents.

## THE ACCUSED PRODUCT

18.     Defendant makes, uses, sells, offers to sell, and/or imports various ultraviolet nail lamps, including but not limited to the Odyssey Hybrid Dual Power Rechargeable LED/UV Lamp ("Accused Product"), and other substantially similar products.

19.     The Accused Product is a cordless nail curing lamp that utilizes ultraviolet LEDs to dry gel nail polishes. The Accused Product comprises an automatic sensor mode, wherein when a hand is placed into the treatment chamber, the nail lamp begins to work, and upon removal of the hand from the treatment chamber, the nail lamp powers off.

20.     The Accused Product further comprises a manual mode, wherein the user is able to select a curing time of 10/30/60 seconds via buttons. The Accused Product further comprises a 99 second low temperature button and a 60 second high power button.

21.     The Accused Product is also rechargeable via a built-in lithium-ion battery.



## CLAIM I - INFRINGEMENT OF U.S. PATENT NO. 9,713,371

22.    Defendant, without authority, makes, uses, offers to sell, and/or sells within the United States and/or imports into the United States the Accused Product, and other substantially similar nail lamp products, which directly infringe the '371 Patent, pursuant to 35 U.S.C. § 271.

23.    As a non-limiting example, Defendant is infringing at least claim 1 of the '371 Patent as the Accused Product meets each and every limitation of that claim, either literally or under the doctrine of equivalents. For example, the Accused Product is a nail lamp comprising: an upper housing, comprising a light diffusing material; a lower housing, adapted to mate with the upper housing, wherein when the upper and lower housings are mated, an enclosed space is formed between the upper and lower housings; and a printed circuit board, coupled to the lower housing and positioned in the enclosed space between the upper and lower housings, wherein the printed circuit board comprises a plurality of exterior-facing light emitting diodes and interior-facing

emitting diodes, wherein exterior-facing light emitting diodes are positioned on a first surface of the printed circuit board, while the interior-facing emitting diodes are on a second surface of the printed circuit board that is opposite to the first surface, light emitted by the exterior-facing light emitting diodes strike a surface of the light diffusing material, light emitted by the interior-facing light emitting diodes does not strike a surface of the light diffusing material, but rather are directed through apertures formed in the lower housing into a treatment chamber below the enclosed space and the lower housing, where the treatment chamber will receive a hand or foot of a user of the nail lamp, and the hand or foot of a user will be exposed to light emitted by the interior-facing light emitting diodes. *See* Exhibit A-1, Exemplary Infringement Chart of the '371 Patent.

24.    LeChat is entitled to recover from Defendant all damages that LeChat has sustained as a result of Defendant's infringement of the '371 Patent, including, without limitation, a reasonable royalty and an increase of up to three times the amount found based on at least Defendant's willful infringement, pursuant to 35 U.S.C. § 284.

25.    Furthermore, Defendant's willful infringement of the '371 Patent is exceptional and entitles LeChat to an award of reasonable attorney fees, pursuant to 35 U.S.C. § 285.

## CLAIM II - INFRINGEMENT OF U.S. PATENT NO. 10,357,094

26.    Defendant, without authority, makes, uses, offers to sell, and/or sells within the United States and/or imports into the United States the Accused Product, and other substantially similar nail lamp products, which directly infringe the '094 Patent, pursuant to 35 U.S.C. § 271.

27.    As a non-limiting example, Defendant is infringing at least claim 1 of the '094 Patent as the Accused Product meets each and every limitation of that claim, either literally or under the doctrine of equivalents. For example, the Accused Product is a nail lamp comprising: an upper housing, comprising a translucent material; a lower housing, adapted to couple with the upper housing, wherein when the upper and lower housings are coupled, an enclosed space is formed

between the upper and lower housings; and a printed circuit board, coupled to the lower housing and positioned in the enclosed space between the upper and lower housings, wherein the printed circuit board comprises a plurality of exterior-facing light emitting diodes and interior-facing light emitting diodes, wherein exterior-facing light emitting diodes are positioned on a first surface of the printed circuit board, while the interior-facing light emitting diodes are on a second surface of the printed circuit board that is opposite to the first surface, light emitted by the exterior-facing light emitting diodes strikes a surface of the translucent material, light emitted by the interior-facing light emitting diodes is directed through apertures formed in the lower housing into a treatment chamber of the nail lamp below the enclosed space and the lower housing. *See* Exhibit B-1, Exemplary Infringement Chart of the '094 Patent.

28.    LeChat is entitled to recover from Defendant all damages that LeChat has sustained as a result of Defendant's infringement of the '094 Patent, including, without limitation, a reasonable royalty and an increase of up to three times the amount found based on at least Defendant's willful infringement, pursuant to 35 U.S.C. § 284.

29.    Furthermore, Defendant's willful infringement of the '094 Patent is exceptional and entitles LeChat to an award of reasonable attorney fees, pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LeChat requests a trial by jury of all issues so triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, LeChat respectfully prays for:

A.    a finding for LeChat as the claimant that Defendant has infringed at least one or more claims of the Asserted Patents;

B.    a permanent injunction thereby enjoining Defendant and its officers, directors,

6

agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from further infringing, inducing the infringement of, and/or contributing to the infringement of the Asserted Patents, pursuant to 35 U.S.C. § 283, or such other equitable relief that the Court determines is warranted;

C.      an award of damages adequate to compensate LeChat for Defendant's infringement of at least a reasonable royalty and an increase of up to three times the damages so found on account of Defendant's willful infringement, pursuant to 35 U.S.C. § 284;

D.      that this case be found exceptional on account of Defendant's willful infringement and that LeChat be awarded reasonable attorney fees as the prevailing party, pursuant to 35 U.S.C. § 285;

E.      such other and further relief as the Court may deem just and proper.

DATED: January 9, 2023

Respectfully submitted,

By: */s/ Nicholas Najera*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Tong Jin
Texas Bar No. 24110051
tjin@nilawfirm.com
Nicholas E. Najera (*pro hac* to be filed)
Texas Bar No. 24127049
nnajera@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4602
Fax: (972) 314-0900

***ATTORNEYS FOR PLAINTIFF***

8